In the Matter of the Injury to Louise Williams, an Employee of Northern Development Co.

Louise WILLIAMS, Appellant (Employee below),

v.

NORTHERN DEVELOPMENT CO., Appellee (Employer below).

No. 3601.

Supreme Court of Wyoming.

April 4, 1967.

Bruce P. Badley, Sheridan, for appellant.

William D. Norman, Special Asst. Atty. Gen., Cheyenne, for appellee.

Before HARNSBERGER, C. J., and GRAY, McINTYRE, and PARKER, JJ.

Mr. Chief Justice HARNSBERGER delivered the opinion of the court.

Appellant, employed as a hostess and waitress and assisting in the kitchen of the employer's business, claimed under Wyoming's compensation law for injuries sustained in her trailer house located upon her employer's property, when the trailer house was demolished by a tornado. The district court considered appellant's injuries were not the result of her employment or any extra-hazardous duties incident to her employer's business and, consequently, denied her claim and denied her counsel an attorney's fee.

The claimant advances two grounds for appeal. First, that the trial court erred in not allowing an attorney fee, and, second, that there was error in ruling (1) that claimant's injuries were not sustained in extra-hazardous employment, and (2) that her injuries were not the result of her employment or any extra-hazardous duty incident to the business of her employer.

Briefly, the pertinent facts are that appellant was employed at a wage of $400 per month; that a stockholder of the company-employer requested her to move the trailer house upon its property, and her em-

ployer furnished her with water and electricity without cost and charged no occupancy rent; that at the time of the accident (or Act of God) appellant was in her trailer home changing her clothing; that, according to claimant, the clerk of the district court and the county attorney were of the opinion appellant's claim was not compensable, and she employed the attorney who represented her in the trial court and who now represents her in this appeal; that the district court refused to allow appellant's attorney any fee for his services; and that request for allowance of a fee was not made to the court by the attorney until after his services had been rendered.

■ Counsel suggests that our ruling in Claim of Carey, 74 Wyo. 37, 42, 283 P.2d 1005, that the Workmen's Compensation Law requires that its provisions for attorney's fees, § 27–115, W.S.1957, should be liberally construed in favor of the attorney. The Carey opinion states, 74 Wyo. 37, 42, 283 P.2d 1005, 1006, "It is hardly necessary to cite our many cases holding that the Workmen's Compensation Law should be construed liberally in favor of the workman, but see Pope v. Safeway Stores, Inc., 54 Wyo. 266, 91 P.2d 58, and cases cited." This holding is clearly for the benefit of the workman and should not be extended for the benefit of counsel in providing attorney fees, unless such allowance can be related directly to the benefit of the workman.

The most that § 27–115 authorizes is that: "* * * the district court, in cases of unusual complexity of law or fact, *may* appoint to represent the injured workman or claimants, an attorney, who shall be allowed a reasonable fee for his services by the court at the conclusion of the proceeding, to be paid, in whole or in part, according to the order of the court, either from the accident fund or from the amounts awarded to the injured workman or claimants or from the employer. * * *" (Emphasis supplied.)

■ Under the terms of this statutory provision, the district court must determine that the case is one of unusual complexity of law or fact. No such determination was made, hence the court was without authority to appoint an attorney to represent the claimant or to allow an attorney fee.

■ It may also be observed that, where the claim for compensation is denied, as in this case, an attorney's fee could not be paid from nonexistent awards and should not logically be charged against either the accident fund or the employer. In consequence, the only remaining source for payment would be from the claimant which, of course, would be adverse to the interest of the workman.

It follows that, unless we find there was error in the rulings of the trial court, we would be in the position of fixing and requiring a fee to be paid the attorney by his client. This we would not be disposed to do.

■ The ruling of the district court carries with it a fact finding that the claimant's injuries were not the result of her employment or any extra-hazardous duty incident to the business of her employment. We consider there is sufficient substantial evidence in the record to support that finding. It is the law of this State, established by a wealth of our judicial decisions, that the judgment of the trier of fact will not be disturbed in such a case.

It might be well to point out that this case is clearly distinguishable from our late holding in Rocky Mountain Tank & Steel Co. v. Rager, Wyo., 423 P.2d 645. In that case, the deceased had been employed not merely as a janitor but also as a night watchman, which latter duty required his continued presence on the employer's premises at the time he met his death. In the instant matter, the claimant was not required to be upon the employer's premises when the tornado destroyed her trailer house and injured her.

Finding the appellant's grounds for appeal to be without merit, the order and judgment of the trial court is affirmed.

Affirmed.