Claim of Edith Marie HILL, Widow of Howard Poe Hill, an Employee of Johnson County, Wyoming.

WYOMING STATE TREASURER ex rel. WORKMEN'S COMPENSATION DEPARTMENT, Appellant (Objector below), Johnson County, Wyoming, Appellant (Employer below),

v.

Edith Marie HILL, Widow of Howard Poe Hill, Appellee (Claimant below).

No. 3751.

Supreme Court of Wyoming.

March 19, 1969.

Joseph E. Darrah, Sp. Asst. Atty. Gen., Cheyenne, Robert A. Hill, County-Pros. Atty., Johnson County, Buffalo, for appellants.

Charles R. Spratt, Buffalo, for appellee.

Before GRAY, C. J., and McINTYRE, PARKER and McEWAN, JJ.

Mr. Justice PARKER delivered the opinion of the court.

Howard Poe Hill, employed as a road crew worker for the County of Johnson,

died on July 9, 1968. Claims with resulting objections thereto were filed under the Workmen's Compensation Law, and following a hearing the court entered an order of award which stated, inter alia:

"[Employee was] Working to start motor on water pump to be used to pump well dry so a tractor could be recovered from well. Court found that he was engaged in normal activities which required more exertion and strain than normal and precipitated a heart attack which caused his death."

From this order, the State Treasurer and Johnson County have appealed, urging:

1. There was no evidence to justify a finding by the district court that the claimant's death was the result of an employment-connected accident or injury.

2. The district court erred as a matter of law in ruling that the employee had established a prima facie case in favor of payment of award and death benefit thereby shifting the burden of proof to the objectors to prove that the claim was not compensable.

Under point one, it is argued that there was a complete absence of evidence that Hill was engaged in an activity which required more exertion or strain than that customary in his normal employment. It would be superfluous to here analyze this aspect in view of our extended discussion of the "unusual-exertion" requirement in Claim of Vondra, Wyo., 448 P.2d 313, issued following the submission of appellants' brief in the instant case. In Vondra, 448 P.2d at 318, we observed that "the burden of the trial court in determining the causal relationship between a heart injury of a workman and his employment is most difficult * * * [and] cannot be * * * [discharged] upon less than the preponderance of believable evidence that the work effort contributed in a material degree to the precipitation, aggravation, or acceleration of the existing disease."

The final portion of appellants' argument under their first point is that the record is devoid of proof that a heart attack was the cause of Hill's death. It is true that the medical experts testifying at the hearing stated that in the absence of an autopsy there was no way of "setting up" how Hill died, and could only say that the "possibilities" were myocardial infarction, cerebral thrombosis, and pulmonary embolus. Nevertheless, the certificate of death was introduced in evidence and showed "Death was caused by * * * acute coronary thrombosis due to, or as a consequence of * * * arterio sclerotic heart disease." In Wyoming such certificate is prima facie evidence of the facts therein stated, § 35–48, W.S.1957.

Appellants under their second point say that by the testimony of both medical experts it would be impossible to determine the cause of Hill's death and that at most there was only a possibility that the work was a factor in the death, and conclude that under the court's ruling "it is apparent that merely by virtue of the employee dying while at work, the cause of death not being known, the burden of proof shifted to the objectors to prove a nonrelationship or causal connection of the death to the scope of employment."

It is perhaps not amiss to reiterate our previous holding that the burden of the trial court in determining the causal relationship between a heart injury of a workman and his employment is most difficult and cannot be discharged upon less than the preponderance of believable evidence that the work effort contributed in a material degree to the precipitation, aggravation, or acceleration of the existing disease.

The evidence adduced at the hearing was to the effect that Hill had not complained about pain to his wife on the morning of July 9, and had eaten his usual breakfast of toast, eggs, bacon, and coffee. He was sixty-one, obese, had worked for the county two and a half years, his main job being the directing of oil onto the road. His foreman spoke of him as a good worker always. On July 9, a very hot, sultry day, with no wind, he and two other younger

employees were to pump out a water-filled hole to determine if a body was under an overturned tractor. Upon arriving at the scene, a deep draw, they were unable to start the one-cylinder, two-and-a-half or three-horse pump, which used a four-inch line as an outlet, that they had brought with them. The men took turns cranking it for about twenty minutes, Hill himself probably cranking for a total of nine minutes. Hill then said he felt he had gotten too warm and his foreman told him to sit down. Approximately thirty minutes later the foreman checked on him and observed his grayish, bad color and offered to take him into town but Hill insisted he had merely gotten too warm and asked for a drink of water. He was given ice water and a moment later fell face down in the dirt, apparently dead.

■ One of the medical experts whose statements were concurred in by the second expert was asked if from the evidence he had heard Hill's type of exertion could have a tendency to precipitate death and said:

"If a man had a normal rate varying between 70 and 90 beats per minute and he had some disease of a coronary artery so that the blood flow to part of the heart muscle was possibly 50 per cent of what it should be, or 30 or 40 per cent, then if that man suddenly performed work that raised his pulse rate to 130 or 140 beats per minute over the course of a couple of minutes, this would increase the oxygen requirements of that heart muscle beyond the supply of blood through the diseased artery and a heart attack might be precipitated."

The other medical expert was asked "would a person under unusual stress and strain, like cranking an engine * * * would cranking an engine * * * cause his death of myocardial infarction," answered, "As has already been established here, I believe, by the testimony, that the stress circumstances have been increased by heat, by overweight, by age, yes." Both of the doctors indicated the impossibility of as-certaining the cause of death without an autopsy, but such testimony was insufficient to overcome the prima facie evidence which was by statute established when the death certificate was admitted in evidence.

■ Under these facts and circumstances, we are unable to say that the claimant did not meet her burden of showing by the preponderance of the believable evidence that Hill's work effort or strain in reasonable probability contributed in some material degree to the precipitation, aggravation, or acceleration of the existing heart disease, and accordingly, affirm the order of the trial court.

Affirmed.