Claim of Leona M. BRANNAN, Widow of Thomas Brannan, an Employee of White Ditching Company.

WYOMING STATE TREASURER ex rel. WORKMEN'S COMPENSATION DEPARTMENT, Appellant (Defendant-Objector below),

v.

Thomas BRANNAN, Deceased, by His Representative, Leona M. Brannan, Appellee (Employee below),

White Ditching Company (Employer below).

No. 3761.

Supreme Court of Wyoming.

May 26, 1969.

Edward L. Grant, Joseph E. Darrah, Special Asst. Attys. Gen., Cheyenne, for appellant.

Lawrence E. Middaugh, Casper, for appellee.

Before GRAY, C. J., and McINTYRE, PARKER, and McEWAN, JJ.

Mr. Justice Parker delivered the opinion of the court.

Thomas Brannan, employed twenty-four years by the White Ditching Company, died December 28, 1967. Claim with resulting objection of the State Treasurer was filed under the Workmen's Compensation Law. Following hearing, the trial court found:

"Employee suffered chest pains while engaged in placing skids underneath pipe while working with a ditching crew in

very cold weather with approximately one foot of snow on the ground, the weather conditions being such that in many cases these skids were frozen to the ground. The employee died * * * of a coronary occlusion precipitated by the job performed under existing conditions of unusual severity * * *"

and awarded compensation to Brannan's widow. The court also ordered employee's attorney be paid $250 from the State Industrial Accident Fund "for his services herein under the provisions of § 27–115, W.S.1957." In other orders issued the same day, the court awarded Dr. Charles R. Lowe $25 for a deposition and the reporter a fee of $28.95. From these orders the State Treasurer appeals, arguing:

1. Under this court's prior rulings, which enumerate the elements that a claimant must establish in order to be entitled to compensation, the record on appeal contains no evidence to support the district court's findings in regard to two of the essential elements, namely, the cause of the alleged injury and its relation to employment.

2. Because the record reveals that the claimant did not establish the necessary elements of his claim, the district court erred in ruling that the burden shifted to the State to prove that the injury was not compensable.

3. The order of the district court that claimant's witness and reporting fees, incurred in taking a deposition, and the claimant's attorney fees be paid from the Industrial Accident Fund should be reversed because for the former there is no authority, unless it be § 27–115, and the latter was improperly entered and therefore unauthorized.

■ With regard to appellant's point one, it is first argued that there is no evidence indicating the actual cause of death. We find no validity in appellant's position inasmuch as the certificate of death stated, "Cause of Death * * * Acute coronary occlusion." This court in Wyoming State

Treasurer ex rel. Workmen's Compensation Dept. v. Hill, Wyo., 451 P.2d 794, 795, said, "In Wyoming such certificate is prima facie evidence of the facts therein stated, § 35–48, W.S.1957."

Appellant further argues that the record revealed no evidence of any relationship between Brannan's death and his employment, but with this we cannot agree. Brannan's physician since 1958 testified that he had last examined his patient in January of 1967 at which time he had had no specific complaints but was planning on applying for additional insurance, and that on "physical examination he was a well developed, well nourished white male, who appeared in average health." His wife said that on December 27, 1967, when her 48-year-old husband left their home for the Recluse oil field, "He was in good health. He had no illness at all. He was well."

On the morning of December 28 the White Ditching Company crew, of which Brannan was foreman, was working in rough, hilly terrain. Six-inch line was being laid in the sub-zero weather, it probably having gotten to –12° the night of the 27th. It had snowed the previous night and altogether there was around a foot of snow on the ground. Brannan, as well as the other crew members, was required to do manual labor. On this particular day he was putting skids under the pipe to hold it, to keep it off the ground. These skids were four-by-eights, some of them hard wood weighing twenty pounds or better, the snow making the job more difficult than normal in that the skids were "froze" in the snow. Around 3:30 p. m. Brannan said he had "indigestion, heartburn" and that he was going to sit awhile. An employee watched him go to a pickup but noticed that he did not close the door and because of the chilliness followed. He found Brannan lying in the back seat, apparently dead.

Dr. Lowe, the only physician appearing, testified:

"Q. If he had experienced the coronary occlusion would the cold weather have

any significance in the picture? A. Well, cold air has an effect on the coronary vessels of causing them to constrict and many people who have coronary artery diseases suffer pain when they are exerting or even walking in cold air, when they don't in warm air. For this reason, yes, it could have had an effect, if he did suffer a coronary occlusion this would have meant his whole coronary system would have been more constricted and more prone to closure.

"Q. Would, if there had been for instance about a foot of snow on the ground where they were working, would this have any significance, if he did in fact have a coronary occlusion? A. Only that the additional cold.

"Q. Would bending, stooping and lifting of objects have any significance? A. I don't think so, I mean, I doubt if the specific activity would have had any great effect one way or another, unless he was doing some extreme exertion, some very uncommon effort."

Under these facts and circumstances we cannot say that there was no basis for the trial court's finding that the work effort contributed in a material degree to the precipitation of a coronary occlusion.

Since we do not agree with appellant's first point, i. e., that the record reveals that the claimant did not establish the necessary elements of his claim, it is unnecessary to consider whether the court erred in ruling that the burden shifted to the State to prove that the injury was not compensable.

■ As to appellant's third point, it is first argued on the basis of Ludlow v. Wortham Machinery Co., 71 Wyo. 331, 257 P.2d 358, that the trial court's order allowing claimant's reporting fee and medical witness fee to be paid from the Industrial Accident Fund must be reversed. Appellee presents no argument on this matter, and in view of our holding in the Ludlow case, 257 P.2d at 365, that in the absence of a statute shifting the incidence of fees and expenses they must be borne by the parties

themselves, and it not appearing from the record that the amounts here challenged could be allowed under § 27–115, the orders pertaining thereto are reversed.

Appellant recognizes that § 27–115 provides in the event a case involves questions of unusual complexity of law or fact the district court may appoint counsel for the claimant, his fee to be paid according to the order of the court either from the accident fund, from the amounts awarded to the injured workman or claimants, or from the employer, but argues on the basis of Williams v. Northern Development Co., Wyo., 425 P.2d 594, 595, that the statute on its face requires a specific finding by the district court that the case does involve questions of unusual complexity in law or fact, insisting it "is not sufficient that the order appointing counsel refer by number to Section 27–115," and further relies on the fact that the record is void of any indication that appellant was put on notice of the application and says that indeed he was not.

■ Although we can agree that good practice would necessitate service of the order on the Treasurer, it has not been shown that this defect in the proceeding affected substantial rights and therefore it is not a basis for disturbing the court's order. Rule 61, W.R.C.P.

■ The challenged order stated, "Oral application having been made to this Court prior to the hearing in this matter * * * by Lawrence E. Middaugh for his appointment as the attorney for the claimant under the provisions of § 27–115, W.S.1957 and it appearing that such an order should issue; It Is Therefore Ordered that Lawrence E. Middaugh be appointed claimant's attorney pursuant to the said statute for the hearing of this matter." We cannot agree with counsel that failure of making a more detailed statement necessitates a reversal of the court's order of award. Certainly, the Williams case is not authority for such a position.

Order awarding Dr. Charles R. Lowe $25 for a deposition reversed.

Order awarding reporter a fee of $28.95 reversed.

Order awarding compensation to Brannan's widow and payment of employee's attorney, affirmed.