WYOMING STATE TREASURER, ex rel. WYOMING WORKER'S COMPENSATION DIVISION, Appellant (Objector-Defendant)

Burch Trucking, Inc., (Defendant-Employer),

v.

Denise SCHWILKE, on Behalf of Shelby SCHWILKE, Deceased, Appellee (Claimant-Employee).

No. 5690.

Supreme Court of Wyoming.

Aug. 6, 1982.

Rehearing Denied Aug. 18, 1982.

Steven F. Freudenthal, Atty. Gen., Gerald A. Stack, Deputy Atty. Gen., Allen C. Johnson, Senior Asst. Atty. Gen., and Carl Hildebrand, Asst. Atty. Gen., Cheyenne, for appellant.

Burton W. Guetz, Casper, for appellee.

Before ROSE, C. J., and RAPER, THOMAS, ROONEY and BROWN, JJ.

ROSE, Chief Justice.

This is an appeal from an order of the district court awarding the appellee widow-and-children benefits under the Wyoming Worker's Compensation Act. In its appeal,[1] the State argues that the trial judge was without authority to make the award because the criteria of § 27–12–603(b), W.S. 1977 have not been satisfied.[2]

The State Treasurer argues that the evidence introduced by Mrs. Schwilke was insufficient to establish that her husband's heart attack was directly caused by exertion or stress clearly unusual to or abnormal for workers in that employment.

We find that the evidence introduced in the trial court was more than adequate to support the award and will affirm.

## FACTS

On March 14, 1981 appellee Denise Schwilke's husband, Shelby Albert Schwilke, died on the jobsite as a result of a severe heart attack. At the time, Mr. Schwilke was 37 years old and was employed as a truck driver for Burch Trucking, Incorporated. Just prior to his death the deceased had loaded some oilfield equipment onto his truck during which time he had complained of pain and mentioned to a companion that he thought he had suffered a heart attack the previous night. This person suggested that Schwilke obtain medical attention, to which Mr. Schwilke replied, "truck drivers don't have time to go to a doctor." A few minutes later Mr. Schwilke met the same person at a nearby office, at which time Schwilke fell to the floor, expiring almost instantaneously.

Appellee Denise Schwilke brought an action seeking widow's and children's benefits under the Wyoming Worker's Compensation Act. The employer, Burch Trucking, Incorporated, contested the claim on the grounds that Shelby Schwilke's fatal coronary attack was not compensable under § 27–12–603(b), W.S.1977.

A hearing was held February 17, 1982, during which the appellee introduced the testimony of Dr. Allan L. Mattern. Dr. Mattern testified that in his opinion the deceased had suffered a myocardial infarction sometime within the 24-hour period

1. The State Treasurer in filing this appeal was acting pursuant to the authority vested by § 27–12–618, W.S.1977 which provides:

   "The director may appeal to the supreme court from any order or judgment in any district court of the state awarding compensation or declining to award compensation although he was not a party to the proceedings in the district court, without the necessity of presenting any petition for reopening of a case to the district court. After the appeal is perfected, the district court shall stay the execution of the order or judgment appealed from without requiring any bond. The attorney general or his assistant shall represent the director in all cases. All the costs of the new hearings granted upon petition of the director and all costs of appeals conducted by the director shall be paid by the general account, except such costs as the court in its

   discretion shall assess against any of the other parties to the cause."

2. The pertinent language of § 27–12–603(b) provides:

   "(b) Benefits for employment-related coronary conditions except those directly and solely caused by an injury or disease are not payable unless the employee establishes by competent medical authority that there is a direct causal connection between the condition under which the work was performed and the cardiac condition, and then only if the causative exertion occurs during the actual period of employment stress clearly unusual to, or abnormal for, employees in that particular employment, and further that the acute symptoms of the cardiac condition are clearly manifested not later than four (4) hours after the alleged causative exertion."

preceding his death and that the physical exertion which occurred just prior to death was "the most likely" circumstance which actually caused the event. The doctor also expressed the opinion that physical exertion, mental or emotional stress and smoking are also factors affecting the likelihood of heart disease or heart attacks. This evidence had reference to Denise Schwilke's previous testimony that her husband had been under excessive stress for several weeks preceding his death, which stress had been occasioned by mechanical difficulties he had experienced with his truck together with increased work schedules.[3] In concluding, Dr. Mattern expressed an opinion that these stress conditions, together with the driving activity of the deceased, could have contributed to the attack but the doctor believed that the physical exertion attendant upon the loading of the truck just prior to death was the likely immediate causative incident.

The deceased's employer, Jim Burch, testified that the activities undertaken by Shelby Schwilke prior to his death were in no sense unusual or abnormal. He also said that he was not aware of any personal or job-related problems which might have been bothering Mr. Schwilke.

Following his review of the evidence, the trial judge, in a letter opinion filed on February 24, 1982, concluded that the appellee's claim should be granted. It was his decision that the medical testimony was sufficient to establish that the lifting and booming down of the equipment on March 14, 1981 was a cause of the deceased's attack and the deceased's continued physical exertion after developing heart-attack symptoms was such an unusual, stressful work condition as is contemplated by § 27–12–603(b), supra n.2.

### DOES THE EVIDENCE ESTABLISH A COMPENSABLE INJURY UNDER § 27–12–603(b)?

As noted previously, § 27–12–603(b) outlines the criteria according to which an employee or his dependents can receive compensation for a work-related coronary condition. To paraphrase its provisions, the section requires that, before compensation will be authorized, the employee must satisfactorily show a direct connection between the cardiac circumstance and the work condition and even then, the compensation will not be forthcoming unless it is further established that the causative exertion amounts to an unusual or abnormally stressful work condition. Additionally, it must be shown that the cardiac condition manifested itself within four hours of the causative exertion. See § 27–12–603(b), supra n.2. Against these requirements, we must determine whether the record substantiates the award granted to the appellee in this case.

On several previous occasions we have been faced with questions similar to the one posed by the appellant here. In discussing these questions previously we have established rules of law concerning recovery of worker's compensation benefits for coronary conditions, which rules are applicable to the facts here.

In *Claim of Vondra*, Wyo., 448 P.2d 313 (1968), we upheld an award to an injured worker who had suffered a myocardial infarction while lifting a heavy piece of sheet metal at his place of employment. In that case, the medical expert testified that in his opinion the employee's act of lifting the metal was a causative factor precipitating the attack. Id. at 315. We noted in that opinion the difficulties which a court encounters when faced with heart-attack claims under the Wyoming Worker's Compensation Act:

"* * * In any event, there can be little doubt that the difficulties encountered by courts in their effort to determine whether an accident has been the cause of a worker's heart attack has been responsible for the rule that mere assertion of a reasonably probable contributory work connection with a heart attack by a medi-

---

**3.** Mrs. Schwilke explained that her husband had travelled to Oklahoma to deliver some equipment just three days prior to his death and that he had made the return trip to Casper without stopping. This trip involved 20 hours of driving time.

cal witness cannot justify a compensation award and instead the facts in their totality must demonstrate causality by the greater weight of credible evidence. * * " 448 P.2d at 317.

We also continued in this vein by concluding:

"In view of the matters discussed herein, we think that under any reasonable view the burden of the trial court in determining the causal relationship between a heart injury of a workman and his employment is most difficult. Certainly he cannot be satisfied in discharging this upon less than the preponderance of believable evidence *that the work effort contributed in a material degree to the precipitation, aggravation, or acceleration of the existing disease.*" (Emphasis added.) 448 P.2d at 318.

Applying the rules discussed, we concluded that the record reflected sufficient evidence to permit recovery, given the fact that it is the duty of the trial judge to weigh the expert testimony, and that his conclusions in this respect are not open to review. Thus, although the court had some doubt as to quality and character of the medical testimony, the award was upheld.

Next, in *Mor, Inc. v. Haverlock*, Wyo., 566 P.2d 219 (1977) we upheld an award of compensation to an employee where he had suffered a myocardial infarction while carrying heavy buckets of cement up flights of stairs at a jobsite. In that case, we determined that former § 27–361(b), W.S. 1957, C.1967, 1975 Cum.Supp.,[4] adopted the "unusual-exertion rule" as a requirement for recovering worker's compensation benefits for employment-related coronary conditions. 566 P.2d at 221. We then discussed the application of such a test when we said:

"Whether the exertion of work was clearly unusual to, or abnormal for, the individual worker in his particular employment is a question of fact to be determined by the trial court, and its findings will be upheld where supported by sub-

stantial competent evidence. See *Lentz v. City of Marion*, 222 Kan. 169, 563 P.2d 456, 460; and *Clayton v. Lease-Way Transportation Corp.*, Fla., 236 So.2d 765, 766. Cf. *Williams v. Northern Development Co.*, Wyo., 425 P.2d 594; *White v. Maverick Production Co.*, 63 Wyo. 452, 182 P.2d 818. *It should be emphasized, however, that the exertion in question must only be unusual to the employee—it need not necessarily be unusual to others engaged in the same employment.* *Herbert v. Sharp Brothers Contracting Co.*, Mo.App., 467 S.W.2d 105, 108. See also, *Commercial Transfer Company v. Quasny*, 245 Md. 572, 227 A.2d 20, 24. To sustain his burden of proof, as to legal causation, the statute requires that the employee show that the causative exertion was clearly something beyond his normal routine—something more than the worker's usual work." (Emphasis added.) 566 P.2d at 222.

Upon reviewing the record, we held that the evidence was clearly adequate to support a finding that the employee had suffered his attack under unusual circumstances since he was not normally responsible for both mixing and carrying the cement buckets. The tasks had normally been done with the assistance of hoists and other helpers.

We upheld an award under § 27–12–603(b) in *Jim's Water Service v. Eayrs*, Wyo., 590 P.2d 1346 (1979), where the employee had died as a result of a heart attack he suffered while attempting to free his truck from a snowbank. We were concerned with the medical testimony establishing the required causative link, but, in holding that it was sufficient to permit an award, we said:

" * * * He [the doctor] declined to say that he could determine to a reasonable medical certainty that the stress caused or precipitated the death and stated that James could have died in his sleep just as easily as on the job. However, he also

---

**4.** Section 27–361(b) contained almost identical language as present § 27–12–603(b), except that the statute required the coronary condition

to have manifested itself within 30 minutes of the alleged causative event.

testified that the stress was a 'contributing factor' and that the arrhythmia 'very likely' and 'probably' was due to the physical exertion and strain. *That is sufficient evidence of the causal connection. The question that needs to be answered is whether the work effort contributed to a material degree to the precipitation, aggravation or acceleration of the existing disease and the resulting death.* Claim of Vondra, Wyo., 448 P.2d 313 (1968); Claim of Hill, Wyo., 451 P.2d 794 (1969); Claim of Brannan, Wyo., 455 P.2d 241 (1969). See also, 1 Larson, Workmen's Compensation Law, § 12.20, p. 3–276. While it is not a compensation case, this quotation from Rocky Mountain Trucking Company v. Taylor, 79 Wyo. 461, 479, 335 P.2d 448, 453 (1959) is also pertinent:

" 'A belief entertained by an expert is a positive opinion about which he is entitled to testify. His belief is not a statement of mere possibility unless the witness so qualifies it.'

"The required nexus between the exertion and stress and the resulting coronary occlusion was found by the trier of fact and is supported by substantial evidence." (Emphasis added.) 590 P.2d at 1349. The evidence also sustained a finding that in attempting to remove his truck the employee had acted outside the scope of his normal routine. The major impact of our decision in the Jim's Water Service case was that we established a rule which permitted the medical expert to establish causation with a somewhat lesser degree of certainty than may be required in other cases. This rule is consistent with the oft-repeated statement that we will liberally construe the worker's compensation statutes in favor of the injured worker. *Wyoming State Treasurer ex rel. Workmen's Compensation Department v. Boston*, Wyo., 445 P.2d 548, 551 (1968).

The only situation in which we denied compensation for a worker's coronary condition occurred in *Claim of McCarley*, Wyo., 590 P.2d 1333 (1979). There the record was totally devoid of any medical testimony establishing the necessary causative link and, in fact, the doctor's statements were sup-

portive of a conclusion to the effect that the employee suffered a heart attack as a result of exertion occurring off the job, far removed from any work-related stress.

It can be observed from the above discussion that, in the past, we have been concerned not only with the requirement that the worker present adequate proof of causation, but also that it be established that the coronary condition arose under circumstances unusual to, or abnormal for the particular employment. Here the appellant is challenging the sufficiency of the evidence as it relates to both of the above requirements established by § 27–12–603(b). In our opinion, the evidence is sufficient to deny the contentions of the State Treasurer in all respects.

We are convinced that a review of the medical expert's testimony satisfies the causation requirement structured by our holding in *Jim's Water Service v. Eayrs*, supra. We say this because the evidence in this case plainly reflects a belief on the part of the expert that Mr. Schwilke's physical exertion occurring just prior to his death was a contributing and causative event in the fatal heart failure. Testimony such as "most likely" and "contributed to" is of sufficient certainty under the standards established in *Jim's Water Service v. Eayrs*, supra, and *Mor, Inc. v. Haverlock*, supra. Also, the record clearly establishes that the fatal coronary condition manifested itself within the four-hour requirement of § 27–12–603(b).

Likewise, we are of the opinion that the circumstances of this case establish that the stressful work condition was unusual to, or abnormal for the deceased's employment. Notwithstanding the fact that the actual physical exertion performed by Mr. Schwilke was within the realm of his normal activity, the record reflects that prior to the performance of these tasks he had experienced heart trouble. Under such circumstances, the once normal activity of his work day indeed became very unusual and abnormal for Mr. Schwilke. Under *Mor, Inc. v. Haverlock*, supra, 566 P.2d at 222,

this is all that need be proven. Other courts have also taken a similar stance—namely, that a normal activity can become unusual after the individual has previously experienced heart-attack symptoms. See: 1B Larson's Workmen's Compensation Law, § 38.64(c) (1980 ed.); *Thornton v. Alaska Workmen's Compensation Board*, Alaska, 411 P.2d 209 (1966); *Hanna v. Post & Brown Well Service*, 199 Kan. 757, 433 P.2d 356 (1967); *Aladits v. Simmons Co.*, 47 N.J. 115, 219 A.2d 517 (1966) and other cases cited therein.

Our holding here is consistent with our past decisions in this area and supports our policy to construe the compensation stat-utes in favor of the employee where reasonable and proper. *Mor, Inc. v. Haverlock*, supra, 566 P.2d at 222. The district court correctly determined that the appellee's claim was compensable under the standards and legislative directives contained in § 27–12–603(b).

Affirmed.