ALCO OF WYOMING, Appellant
(Employer-Defendant),

and

Wyoming State Treasurer, ex rel. Worker's Compensation Division, Appellant
(Objector-Defendant),

v.

Myra BAKER and Lori Jones, Appellees
(Employees-Claimants).

No. 5692.

Supreme Court of Wyoming.

Sept. 27, 1982.

W. Thomas Sullins, II, of Brown, Drew, Apostolos, Massey & Sullivan, Casper, for appellant Alco of Wyoming.

Steven F. Freudenthal, Atty. Gen., Gerald A. Stack, Deputy Atty. Gen., Crim. Div., Allen C. Johnson, Sr. Asst. Atty. Gen., and Carl J. Hildebrand, Asst. Atty. Gen., Chey-

enne, for appellant Wyoming State Treasurer, ex rel. Worker's Compensation Div.

Burton W. Guetz, Casper, for appellees.

Before ROSE, C. J., and RAPER, THOMAS, ROONEY and BROWN, JJ.

BROWN, Justice.

Appellees Myra Baker (Baker) and Lori Jones (Jones) were employees of appellant Alco of Wyoming (Alco). They had attended a company picnic. Baker was driving home from the picnic with Jones as her passenger when Baker's truck left the road, injuring them both. Baker and Jones applied for and received worker's compensation awards. Some of the awards were objected to by the employer, Alco, and all of them were objected to by the Wyoming State Treasurer through the Worker's Compensation Division. Both Alco and the State appealed the district court's orders allowing the coverage under the worker's compensation statutes, § 27–12–101 et seq., W.S.1977.

Appellants contend that the trial court erred in finding that appellees were employees entitled to coverage and in finding that appellees' injuries arose out of or in the course of their employment. Appellants also contend that the trial court erred in prohibiting them from raising the defenses of intoxication and culpable negligence.

We reverse.

The district court found that both appellees were clerical workers, but were subject to the hazards of the business, thus entitling them to coverage under § 27–12–102(a)(viii), which provides:

" 'Employee' means any person who has entered into the employment of * * * an employer engaged in an extrahazardous occupation, except * * * those engaged in clerical work and not subject to the hazards of the business. * * * " (Emphasis added.)

■ The claimant in a worker's compensation case has the burden of proof. *Black Watch Farms v. Baldwin*, Wyo., 474 P.2d 297 (1970). Unless the statute dictates otherwise, the claimant has the burden of establishing every essential element of his claim by a preponderance of the evidence. *Miller v. City of Lander*, Wyo., 453 P.2d 889 (1969). The testimony established that appellees were clerical workers. Appellees testified that their general duties involved paperwork or bookwork. Jones testified that she was an office manager, and Baker testified that she was a processing clerk. Appellees first had to prove that their employer's business was extrahazardous under § 27–12–106, they also had to prove that, as clerical workers, they were subject to the hazards of the business.

Alco was engaged in the sale and installation of storm doors and patio covers. Section 27–12–106(a)(i) says that factory work is an extrahazardous occupation, but the only testimony at trial on the subject showed that the manufacture of the storm doors took place in Denver. The employer did not operate a factory in Casper.

■ Section 27–12–106(a)(iv) lists employment in a workshop where machinery is used as an extrahazardous occupation. Section 27–12–102(a)(xix), defines workshop:

" 'Workshop' means any place where power driven machinery is employed and manual labor is exercised by way of trade or gain, or otherwise incidental to the process of making, altering, repairing, printing or ornamenting, finishing or adapting for sale or otherwise any article or part of article, over which place the employer of the person working therein has the right of access or control. No place is a workshop within the meaning of this act solely because office fans, typewriters, adding machines, dictaphones or other similar equipment driven by electric motors are operated therein and so protected as not to constitute a hazard to employees."

There was, however, no testimony that there was a workshop on the Alco premises. We are left to conjecture if any of the activities described to define workshop were carried on there. The only testimony

presented concerned the fact that screens and door closure latches were repaired or replaced, but there was no indication that any machinery was used. A party having the burden of proof cannot prevail if the factors necessary to support his claim are left to guess or conjecture. *White v. Maverick Production Co.*, 63 Wyo. 452, 182 P.2d 818 (1947).

■ Section 27–12–106(a), lists warehousing and transfer as an extrahazardous occupation. Appellees testified that they would sometimes go into the warehouse to get new door closures for customers, to return a screen for repair, and to give phone messages to the other employees. However, § 27–12–102(a)(xviii) states:

> " 'Warehousing' means an operation which principally stores for hire goods belonging to other persons, and does not include the storage of goods belonging to the operator of the business when the storage is incidental to the sale of the goods to their ultimate consumer."

Under that definition, the employer and employees were certainly not engaged in the extrahazardous occupation of warehousing.

■ Motor delivery, including drivers and helpers in connection with any occupation except agriculture or ranching, is an extrahazardous occupation under § 27–12–106(a)(xix). *In Claim of Merritt*, Wyo., 455 P.2d 661 (1969), we said, " 'the term "motor delivery" brought within the coverage of the law as an extrahazardous occupation the driving of an employer's vehicle ordinarily used and being used in a merchandising business for the delivery or hauling of the employer's goods and merchandise.' " We further said that it was within that concept that we would test the employee's claim, indicating that we meant the words quoted above to be a definition of the term "motor delivery." Here, there was evidence that the employer had an installation department and that it had pickup trucks. One might be able to infer that part of Alco's business was motor delivery if one assumes that Alco employees "delivered" the doors to customers when it installed them.

However, even if the testimony did support an inference that the occupation was extrahazardous because it involved motor delivery, appellees failed to prove that they were subject to the extrahazardous phase of the business. Appellees testified that they made deliveries, but these seem to be in the nature of running errands in connection with their clerical work. Jones testified that she would make pick-ups "mainly for office purposes." She said that she made one or two trips to homes to pick up completion certificates on the contracts or to get a promissory note signed a second time when the figures had been wrong on the first contract. Appellees also testified that they went to the post office, the bank, the stationery store, and the bus station to pick up packages. Baker also testified that she and Jones picked up some alcohol and ice and delivered it to the general manager at the company picnic.

These duties had nothing to do with "motor delivery" as defined in *Claim of Merritt*, supra. If we accept appellees' contention that these activities subjected them to the hazards of the business, then any clerical worker who takes a trip in his car to the post office or who runs an errand using a car would be entitled to coverage under the Worker's Compensation Act, provided the business itself was in some way extrahazardous. These statutes are to be given a liberal construction, but not so liberal a construction that they extend the intended coverage.

> " * * * The courts are not free under the guise of construction to extend the beneficent purpose of the law to injuries that do not reasonably fall within the reach of the language used. * * * " *In Re Hardison*, Wyo., 429 P.2d 320, 322 (1967).

Here, then, we cannot construe the statute to include clerical or incidental duties performed with the use of a motor vehicle to mean "motor delivery." There was no evidence to show that Alco's business qualified as an extrahazardous one.

Appellees cite cases holding that a company-sponsored picnic is a company function.

Even if we were to determine that the picnic was a company function, appellees' claims still fail. As previously indicated, they must prove as a threshold matter that Alco's employees worked in an extrahazardous occupation and that appellees were subject to the hazards of the business. They failed to make these proofs.

■ While we are always reluctant to set aside a trial court's judgment where the question presented requires a factual determination, this reluctance does not prevent reversal if we find little or no evidence to support the judgment. *Plains Tire and Battery Company v. Plains A to Z Tire Co., Inc.,* Wyo., 622 P.2d 917 (1981). Here there was not enough evidence to support the judgment.

Since determination of appellants' first contention is dispositive, we do not need to address the other two issues. We reverse and remand to the trial court for entry of an order consistent with this opinion.