In the Matter of the Worker's Compensation Claim of Donald G. VAN MATRE.

WESTERN POWER SERVICE & CONSTRUCTION, Appellant (Defendant),

v.

Donald G. VAN MATRE, Appellee (Claimant).

No. 5789.

Supreme Court of Wyoming.

Feb. 2, 1983.

Frederic C. Reed, Cheyenne, for appellant.

Marvin L. Tyler, Bath & Tyler, Rock Springs, for appellee.

Before ROONEY, C.J.,* and RAPER, THOMAS, ROSE ** and BROWN, JJ.

BROWN, Justice.

Appellant employer Western Power Service and Construction Company, Inc. is appealing from a district court order awarding worker's compensation benefits to appellee Donald G. Van Matre for an injury which occurred while appellee was driving to work, a round trip of approximately 70 miles. Appellant contends that the evidence was insufficient to prove that appellee was within the course of his employment.

---

* Became Chief Justice on January 1, 1983.

** Chief Justice at time of oral argument.

We reverse.

Section 27–12–102(a)(xii), W.S.1977, provides:

"'Injury' means any harmful change in the human organism other than normal aging * * * arising out of and in the course of employment while at work in or about the premises occupied, used or controlled by the employer, incurred while at work in places where the employer's business requires an employee's presence and which subjects the employee to extrahazardous duties incident to the business. * * * "

■ The rule is that ordinarily an employee is not within the course of employment when he is injured going to or coming from work. *Matter of Willey,* Wyo., 571 P.2d 248 (1977); and *Wyoming State Treasurer ex rel. Workmen's Compensation Department v. Boston,* Wyo., 445 P.2d 548 (1968). However, when an employer supplies transportation or pays to defray travel expenses, the coming-and-going rule does not apply and workers injured while traveling directly to or from work are considered to be within the course of their employment. *Matter of Willey,* supra.

Appellee urges that an exception to the coming-and-going rule applies here, in that the record supports a conclusion that a $7.00 a day payment from appellant to its employees showed an intention to include travel time as part of the course of employment.

■ Whether an injury arises out of and in the course of employment is a question for the trier of fact in a worker's compensation case. The burden is on the worker to prove that his injury arose in the course of employment. There must be some substantial competent evidence to warrant the trier of fact drawing such an inference. *Standard Oil Co. of Indiana v. Sullivan,* 33 Wyo. 223, 237 P. 253 (1925).

" ' * * * Payment of a per diem allowance for travel may evidence an intention to include travel time as part of the course of employment. [Citations.] However, determining whether the per diem was a subsidy for travel or merely a different form of compensation is a fact question * * * and the conclusions drawn will not be set aside unless there is no reasonable basis for the determination. [Citations.]" *Matter of Willey,* supra, at 251–252.

These cases, then, rest on a factual determination as to whether travel expenses were paid as a contractual obligation of the employer.

The evidence in this case is not in conflict. The appeal was submitted to this court on a statement of evidence agreed to by both parties and approved by the trial court. A summary of the pertinent facts set out in the statement of evidence follows.

Appellee, in addition to his regular hourly pay, received $7.00 for each day he worked. This pay was designated in the master labor contract, which was in effect on the day of his injury, as subsistence pay. As initially prepared, the master labor contract had provided that there would be no payment by appellant to its employees for mileage allowances, travel pay, or subsistence pay. The statement of evidence further said that appellant paid its workers on the Jim Bridger Power Plant subsistence to allow the workers to maintain a second residence and to offset the higher cost of living in Sweetwater County. Appellant paid the $7.00 a day to appellee because the union insisted that all employees receive subsistence pay regardless of where they lived. Only one payment of $7.00 per day was paid, even though a worker might be called out to the plant more than once in a 24-hour period. The payroll check stubs carried a code explanation that an "S" designated subsistence pay and that a "T" designated travel pay. All of appellee's payroll checks showed an "S" code; none of them showed a "T" code. Appellant did not pay appellee any money designated as travel pay or as mileage allowance. Appellant placed no restrictions on the use of any pay received by its employees, and any subsistence pay received by the appellant could have been used by appellee for his travel expenses, or for anything else.

■ We will reverse a factual determination if there is little or no evidence to support the judgment. *Alco of Wyoming v. Baker,* Wyo., 651 P.2d 266 (1982). This is especially true when the evidence is not in conflict.

"We think that the nonconflicting evidence here admits of only one conclusion, and a contrary conclusion cannot stand. [Citation.] Even if the evidence here did justify either of two reasonable inferences, this court will reverse the finding if it can say, as a matter of law, that the inference in favor of the party which did not have the burden of proof was more, or at least equally, probable. [Citation.] * * * " *Murphy v. Stevens,* Wyo., 645 P.2d 82, 93 (1982).

The claimant in a worker's compensation case, appellee here, bore the burden of proof. *Alco of Wyoming v. Baker,* supra. We find the inference here that appellant did not intend to reimburse its employees for travel at least equally as probable as the inference that it did. If we were to hold otherwise, then any time an employee received subsistence pay, he would be entitled to coverage under the worker's compensation laws, regardless of whether the employer or the worker intended it to or actually used it to defray travel expenses.

Other cases which have considered factual determinations that the employer was helping to defray or to pay for travel expenses have had some evidence to show that there was an intent to make an employee's travel part of the course of employment. In *Cottonwood Steel Corporation v. Hansen,* 655 P.2d 1226 (Wyo.1982), it was agreed that all of the occupants in a vehicle were within the scope of employment because they were being paid travel expenses by their employer. The record showed that the driver Hansen had five passengers, each of whom paid him $6.00 a day in exchange for a ride to and from work. The employer paid a daily vehicle maintenance allowance to each of its employees based on distance from the employee's residence from the mine.

In *Matter of Willey,* supra, there was evidence that the employee was told by the union that the extra money was only for " 'upkeep of the car and for gas, anything your car needed.' " There was also evidence that the amount of money paid, $12.00 daily, was based on a mileage chart contained in the local union agreement, and that the money was paid where the worksite was remote from the union hiring hall. The record also showed that substantial travel was necessary regardless of the employee's residence, a fact which was not in the record here. Based on those facts, this court held that the record was sufficient to reach the conclusion that at least a portion of the payment was intended to defray travel expenses.

In *In re Jensen,* 63 Wyo. 88, 178 P.2d 897 (1947), the treasurer of the company testified that the company had decided to inaugurate a plan to pay a travel allowance to one man on each crew who provided transportation for the crew. The testimony stated that the company would "more or less reimburse the employees for the additional expense which they were being put to travel to work and having to have their cars repaired from time to time." *In re Jensen,* 178 P.2d at 898. Based on those facts, this court decided that the employer was supplying the workers with free transportation to and from their homes. It also decided that both the company and the employees contemplated that free carriage to and from their homes was to be furnished them. This court therefore reversed a lower court finding that the injuries were not compensible.

■ There is no evidence here that appellee thought the subsistence pay was travel pay, or that he used it for such. There is no evidence that he intended that the subsistence pay be used to defray travel expenses. There is evidence that appellant intended that the subsistence money be used for two purposes, neither of which was to defray travel expenses. The statement that appellee could use his pay any way he wanted only implies that if appellee did not use the money for subsistence to either help main-

tain a second home or to defray the cost of living in Rock Springs, then he could spend it in any way he desired. One cannot reasonably draw the inference from the statement of evidence that either party intended the money to be used for travel if it was not used for subsistence.

■ There was, then, no reasonable basis for the conclusion that appellee was entitled to recover. Worker's compensation statutes are to be interpreted liberally, but

"'* * * [t]he courts are not free under the guise of construction to extend the beneficent purpose of the law to injuries that do not reasonably fall within the reach of the language used.' * * * [Citation.]" *Alco of Wyoming v. Baker,* supra, at 268.

Reversed and remanded for entry of an order consistent with this opinion.