The STATE of Wyoming, ex rel. WYO-
MING WORKER'S COMPENSATION
DIVISION, Appellant (Objector-De-
fendant),

The Town of Kaycee, Appellant
(Employer-Defendant),

v.

Ernie E. VAN BUSKIRK, Appellee
(Employee-Claimant).

No. 86–8.

Supreme Court of Wyoming.

June 30, 1986.

A.G. McClintock, Atty. Gen., Gerald A. Stack, Deputy Atty. Gen., John W. Renneisen, Sr. Asst. Atty. Gen., and Patrick J. Crank, Asst. Atty. Gen., for State of Wyo.

Paul Jarvis, Buffalo, for Town of Kaycee.

Greg L. Goddard of Goddard & Perry, Buffalo, for appellee (employee-claimant).

Before THOMAS, C.J., and BROWN, CARDINE, URBIGKIT and MACY, JJ.

URBIGKIT, Justice.

This is a police officer/heart attack/worker's compensation case, with trial-court granted benefits, and State division appeal. We affirm.

Ernie Van Buskirk, age 47, a one-man police department in the rural town of Kaycee, Wyoming, suffered a heart attack from activities in connection with a house fire, for which he filed a Worker's Compensation claim. The Wyoming Worker's Compensation Division objected, the district court approved, and the division appealed to this court from the benefit grant.

As a one-man police department, Van Buskirk had an on-call schedule of seven days a week, 24 hours a day, but August 6, 1985, was a day when he was normally scheduled for a day off. At two o'clock, or thereabouts on that afternoon, he had taken his grandson to the office in town for child-protection fingerprinting, when a call came in to the town clerk regarding a major fire at a house located just outside the city limits. Van Buskirk immediately contacted the Johnson County Sheriff's of-

fice in Buffalo for a rural fire-department alert, and proceeded to the edge of town to direct traffic for the fire engine. After contacting the deputy sheriff, he went to the scene of the fire, and, noting the serious problem, then returned to City Hall to ring the fire alarm and summon the town fire department. Encountering delay, since the town maintenance man, who drove the fire engine, was not immediately available, and after determining that the needed driver was at the town dump, Van Buskirk drove to that location outside of the town, got out of the car, ran into the dump area to find the fireman, completed the fire-call alert, and then again returned to the edge of town near the fire scene, to direct traffic for the town fire engine. After the fire engine had passed, he returned to the scene of the fire, and, noting the seriousness of the occurrence and the nearly total fire destruction, contacted the REA to request an electricity disconnect. As these activities were ending at the fire scene, fire out and house burned down, a feeling of discomfort in his chest developed, which quickly matured to a typical myocardial infarction, resulting in immediate hospitalization for the resulting coronary condition and treatment in Buffalo.

Having had no prior history of heart trouble, Van Buskirk filed this claim for Worker's Compensation benefits.

After a formal hearing before the district court, a ruling was made granting employment-incurred compensatory benefits for the coronary medical care costs, and temporary disability condition.

 Three issues were advanced by appellant in its brief, which essentially involve: [1]

I. Sufficiency of the employee's proof to justify a worker's compensation award for a coronary attack.

II. Whether the actions and activities involved in the effort for the day were beyond the scope of employment and consequently not compensable as employment-incurred.

Considering the second issue first, the argument is that with the house fire physically beyond the city limits, the town employee was not performing a function for the town in his activities at the time. This argument is rejected as ignoring reality and intra-governmental fire-fighting cooperation expected and required in rural Wyoming.

The burden of persuasion in trial presentation was met by the employee, and we will not hold that the decision as we review the evidence in the light most favorable to the trial court's finding lacks substantial evidence to support the result determined. *Claim of Cannon*, Wyo., 718 P.2d 879 (1986); *Pacific Power and Light v. Parsons*, Wyo., 692 P.2d 226 (1984).

"Whether an injury arises out of and in the course of employment is a question for the trier of fact in a worker's compensation case. The burden is on the worker to prove that his injury arose in the course of employment. There must be some substantial competent evidence to warrant the trier of fact drawing such an inference. *Standard Oil Co. of Indiana v. Sullivan*, 33 Wyo. 223, 237 P. 253 (1925)." *Matter of Van Matre*, Wyo., 657 P.2d 815, 816 (1983).

We believe that the district court reasonably summarized the situation:

"THE COURT: Well, as far as the issue of whether or not Mr. Van Buskirk was in the course of his employment, the fire

---

**1.** The third issue questions denial of a directed verdict at the close of the Van Buskirk evidence at the trial. Lacking a jury trial, no basis for the claim of error is indicated. *Ramirez v. Metropolitan Life Insurance Company*, Wyo., 580 P.2d 1136 (1978). A verdict is defined as the final decision or finding made by a jury. Black's Law Dictionary at 1398 (5th ed.). However, appellant had significant logic in his basic

contention as to the adequacy of proof by the employer of the standard of employees in that particular employment. Counsel for employees should take warning about the burden-of-proof responsibility with the concurrent requirement for knowledgeable witnesses and adequate evidence. Testimony of only the employee may not always be sufficient.

was within sight of the city, and I'm sure if he had just sat there and looked over and said, 'Oh, my goodness, there's a fire and it's outside the city limits,' and done nothing, he probably would have been severely reprimanded by all of the citizens of the community and including his immediate supervisor, the councilmen and the mayor wondering, 'What's the Chief of Police doing?' when he's sitting around there.

"He went there. It looked like they needed more help. He tried to get the City to respond. I'm sure the City often responds in places like that outside of their jurisdiction as the County does, too. So, I'm not going to give much weight to that."

■ The essential issue of this case is the first issue: whether Van Buskirk met his burden of proof to be entitled to the receipt of Worker's Compensation benefits by virtue of the coronary attack which he sustained.

The applicable statute is § 27–12–603(b), W.S.1977:

"(b) Benefits for employment-related coronary conditions except those directly and solely caused by an injury or disease are not payable unless the employee establishes by competent medical authority that there is a direct causal connection between the condition under which the work was performed and the cardiac condition, and then only if the causative exertion occurs during the actual period of employment stress clearly unusual to, or abnormal for, employees in that particular employment, and further that the acute symptoms of the cardiac condition are clearly manifested not later than four (4) hours after the alleged causative exertion."

Appellant accurately recognized and defined the four requirements that must be met within the burden of proof devolving upon the employee in order to achieve a benefit award under that statute:

"'(1) The claimant must establish a period of employment stress unusual or ab-normal for employees in claimant's occupations;

"'(2) Claimant must show that he or she engaged in some exertion during the period of unusual or abnormal employment stress;

"'(3) Claimant must establish by competent medical evidence a direct causal connection between such exertion and the myocardial infarction; and

"'(4) Claimant must show that the acute symptoms of the cardiac difficulty were clearly manifested within four hours after the alleged causative exertion.'" *Nuanes v. State ex rel. Worker's Compensation Division,* Wyo., 694 P.2d 86, 88 (1985), quoting from *Claim of McCarley,* Wyo., 590 P.2d 1333, 1335–1336 (1979).

Again, appellant properly and accurately further defines the particular issue requiring resolution in this case as whether requirement No. 1 was properly established by the trial proof. There is no question but that the onset of the heart-attack occurrence was related to the activities of the day by competent and realistic medical testimony so that the question of medical proof is not now before the court. See *Matter of Injury to Taylor,* Wyo., 718 P.2d 63 (1986); *State ex rel. Worker's Compensation Division v. Kemp,* Wyo., 711 P.2d 1142 (1986).

The volume of cases is extensive, as reflected by this third case in the last six months to appear before this court, and the decisional process can be divided as to cases subject to the law before the passage of Ch. 142, S.L. of Wyoming 1977, and the present law, wherein the change afforded was to differentiate from the earlier "employment stress clearly unusual to, or abnormal for, *the individual employee in that particular employment"* (emphasis added), and to substitute "clearly unusual to, or abnormal for, *employees in that particular employment."* (Emphasis added.)

The differentiation changed from the individualized test to the general test for those of similar employment engagement.

See Comment, *The Compensability of Cardiac Conditions Under Wyoming's Worker's Compensation: Health Insurance or Worker's Compensation,* XX Land & Water L.Rev. 606 (1985), a comprehensive and thoughtful analysis co-authored by the present attorney for the division.

The course of the earlier cases included *Mor, Inc. v. Haverlock,* Wyo., 566 P.2d 219 (1977); *In re Brannan's Claim,* Wyo., 455 P.2d 241 (1969); *Claim of Hill,* Wyo., 451 P.2d 794 (1969); *Claim of Vondra,* Wyo., 448 P.2d 313 (1968).

The more recent course of cases involving the extraordinary exertion inquiry include *Creek v. Town of Hulett,* Wyo., 657 P.2d 353 (1983); *Yost v. Wyoming State Treasurer ex rel. Wyoming Worker's Compensation Division,* Wyo., 654 P.2d 137 (1982); *Wyoming State Treasurer ex rel. Wyoming Worker's Compensation Division v. Schwilke,* Wyo., 649 P.2d 218 (1982); *Jim's Water Service v. Eayrs,* Wyo., 590 P.2d 1346 (1979); *Claim of McCarley, supra.* Something less than consistency in result and concurrence with the statute is evidenced in these cases. See dissent of Justice Rooney in *Yost v. Wyoming State Treasurer, supra.* Cf. dissent of Justice Rose in *Nuanes v. State ex rel. Wyoming Worker's Compensation Division, supra.*

We concur with appellant, and so interpret the current case law, that the test which is classified in its brief as the objective test is correct in comparing the work of the employee to the usual work of other employees engaged in the same or similar activity, unless at least a prior-condition factor is involved (an issue not herein reconsidered or involved). *Creek v. Town of Hulett,* Wyo., 657 P.2d 353 (1983); XX Land & Water L.Rev., supra at 613.

Having established the criteria and the objective test, the inquiry is whether or not the trial court erroneously applied the test to the activities pursued by Van Buskirk in this case.

As we review the evidence in the light most favorable to the finding of the trial court, there is substantial evidence supporting the test criteria, and we find that the record is sufficient in this case to sustain the decision. See *Claim of Cannon, supra.*

Appellant would have us believe that the scope of compressed, complex and emotional activities incurred in this brief period of approximately one hour would be matters of a normal kind for a person of a similar occupation and circumstance. Realistically, one or some of the variant functions pursued may not have been the conclusive factor, but each combined, and particularly so with the effort in running out to the city dump to locate the city maintenance man as a further constituent of the entire chronology, would meet the factual test defined by other cases of current vintage wherein the Worker's Compensation claim award has been affirmed. *Jim's Water Service v. Eayrs, supra.*

The judgment of the trial court is affirmed.

BROWN, Justice, dissenting.

According to the majority, appellee is entitled to worker's compensation benefits under § 27–12–603(b), W.S.1977 (June 1983 Replacement), which addresses compensation for work-related coronary injuries. In *Claim of McCarley,* Wyo., 590 P.2d 1333 (1979), this court identified criteria required for recovery of compensation under the statute. The first of these states:

"The claimant must establish a period of employment stress unusual or abnormal for employees in claimant's occupations." Id., at 1335.

Appellee fails to meet this criteria, as the record reveals no evidence indicating he performed duties that were unusual or abnormal for a rural community police officer on the day of his heart attack. All of the witnesses, which included Kaycee police officers and appellee himself, admitted that his activities were expected of persons in his position, although they were not everyday duties because fires in Kaycee are fairly rare and in some respects a social event. As a result, appellee failed to establish the

legal causation required by this court for recovery under the statute. Section 27–12–603(b); and *Claim of McCarley, supra.*

A brief review of the statute's legislative history is relevant in addressing its application. Over the last seventeen years the legislature has developed standards which place an increasing burden of proof on the claimant. Before 1969 there was no specific statute concerning worker's compensation and coronary injury; one had only to prove medical and work-related causation. In *Claim of Vondra*, Wyo., 448 P.2d 313 (1968), this court encouraged the Wyoming legislature to set specific standards for coronary-related compensation cases. The 1969 legislature responded by setting a standard requiring that a compensable heart attack be the result of work " * * * unusual to * * * *the individual employee*, in that particular employment." Ch. 200, § 15, S.L. of Wyoming. Justice Rose, in his majority opinion in *Mor, Inc. v. Haverlock*, Wyo., 566 P.2d 219 (1977), expressed dislike for the new "unusual exertion rule," but indicated that the statute would be applied according to legislative intent. Thus, the subjective test was based on whether or not exertion was unusual for that employee in his position. Id. In 1977, the legislature, in an apparent attempt to limit worker's compensation coronary claims, changed the law to require that the work-related exertion causing the injury must be " * * * unusual to, or abnormal for, *employees* in that particular employment. * * * " (Emphasis added.) Ch. 142, § 27–361, S.L. of Wyoming.

By broadening the comparative standard to include duties generally encompassed in all jobs of that nature, the legislature indicated a clear intent to limit coronary compensation claims to exertion unique or "abnormal" for that type of work. This court recognized and applied this rule in another case concerning a police officer. The standard in that case indicated that if the pre-injury duties were expected of rural law enforcement officers, no legal causation was established. *Creek v. Town of Hulett*, Wyo., 657 P.2d 353 (1983).

The majority in this case determined that sufficient evidenced existed to indicate Mr. Van Buskirk's coronary was a result of *unusual* exertion for small town police work, i.e., such activities would *not* be expected of him or other rural officers. While the question of usual or unusual work-related stress is a question of fact for the trial court, it must be supported by substantial evidence. *Creek v. Town of Hulett, supra*; and *Mor, Inc. v. Haverlock, supra*. Although we consider appellee's evidence in the light most favorable to him, the claimant has the burden of proving each essential element of the claim. *Nuanes v. State, ex rel. Worker's Compensation Division*, Wyo., 694 P.2d 86 (1985); and *Alco of Wyoming v. Baker*, Wyo., 651 P.2d 266 (1982).

After carefully reviewing the record, I find that appellee simply failed to present any evidence that suggests his duties were outside of the activities expected for persons in his position. *Creek v. Town of Hulett, supra*. Testimony indicates that rural police officers routinely respond to fire calls and assist in traffic and crowd control, facilitating the arrival of emergency equipment and volunteers. They also perform other tasks to assure community safety in these situations. No job description or other documents citing usual law enforcement tasks were produced. Excerpts from the trial record indicate that other witnesses and appellee thought the duties performed were not unusual.

"Q. [Crank]: Is that pretty normal duty for a fireman to go to a fire scene?

* * * * * *

"For a policeman to arrive at a fire scene?

"A. [Van Buskirk]: I believe that is pretty normal for a police office to go to a fire scene.

* * * * * *

"Q. [Crank]: [referring to an earlier fire] Did you go to that fire scene?

"A. [Van Buskirk]: Yes, I did.

"Q. [Crank]: Did you have occasion to direct traffic around that scene?

"A. [Van Buskirk]: I directed some traffic around that fire and also assisted in moving furniture from the burning residence.

\* \* \* \* \* \*

"Van Buskirk: [referring to the fire activity] \* \* \* [W]hen I went out to the landfill to get the maintenance man to come down and man the city truck, I had to do some fast driving at that time being alert and concerned about not running into anybody.

"The Court: Have you ever had to do that in the course of your duties normally?

"Van Buskirk: I have done this many times in the course of my duties.

\* \* \* \* \* \*

"Q. [Goddard]: [regarding appellee's activities in response to the fire] I assume you did what you did because you felt it was important under the circumstances.

"A. [Van Buskirk]: I feel that that is part of my duties as a public servant as a police officer."

The former and current Kaycee Chief of Police note similar duties.

"Q. [Jarvis]: Did you ever direct traffic for fires?

"A. [Young]: [current police officer] Yes, one time.

\* \* \* \* \* \*

"Q. [Jarvis]: Did you respond to the fire itself?

"A. [Young]: I responded to the fire.

\* \* \* \* \* \*

"Q. [Jarvis]: Is one of your duties involving the directing of traffic?

"A. [Waters]: Yes, it is.

"Q. [Jarvis]: Including the directing of traffic in the event of a fire?

"A. [Waters]: Yes, it is."

No witness or evidence contradicted this testimony that indicated appellee's activities were other than ordinary for his particular employment.

This court has held that it will reverse a factual determination if little or no evidence supports the judgment, especially when no evidence is in conflict. *Matter of Van Matre*, Wyo., 657 P.2d 815 (1983). Although the question of whether exertion is unique for one's employment is usually left to the judgment of the trial court, we cannot allow worker's compensation benefits to extend to injuries which do not meet the intent of Wyoming's statutory language. *Alco v. Baker, supra;* and *Mor, Inc. v. Haverlock, supra.*

I would reverse, since appellee failed to carry his burden of proving he is entitled to worker's compensation.