689 P.2d 1387 (1984)
Lawrence A. KAAN, Appellant (Employee-Claimant),
v.
STATE of Wyoming, ex rel. WYOMING WORKER'S COMPENSATION DIVISION, Appellee (Objector-Defendant),
Empire Mobile Plumbing, Inc., (Employer).
No. 84-44.
Supreme Court of Wyoming.
November 1, 1984.
George A. Clarke, Lusk, for appellant.
A.G. McClintock, Atty. Gen., Gerald A. Stack, Deputy Atty. Gen., John W. Renneisen, Senior Asst. Atty. Gen., and Terry J. Harris, Asst. Atty. Gen., Cheyenne, for appellee.
Before ROONEY, C.J., and THOMAS, ROSE, BROWN and CARDINE, JJ.
BROWN, Justice.
Appellant suffered a nonfatal heart attack at work, and appeals the trial court's order disallowing his worker's compensation claim. The single issue, fashioned by appellant:
"Was the medical testimony given coupled with the circumstances of this case sufficient to establish a direct causal connection between the condition under which the work was performed and the cardiac condition as delineated by W.S. XX-XX-XXX(b)?"
We will affirm.
Appellant, Lawrence A. Kaan, experienced severe pain while attempting to manually disengage a semi-trailer from a towing truck-tractor. Being unable to complete the assigned task he received help *1388 from another employee. When disengagement was accomplished the two employees took the truck-tractor to the garage for repairs. Mr. Kaan then went home, but the pain continued. He was taken to a local hospital, given emergency treatment and diagnosed as having suffered an acute myocardial infarction.[1] Eventually coronary bypass surgery was performed during which appellant suffered a stroke.
In response to this appeal, we begin by citing the applicable statute, § 27-12-603(b), W.S. 1977, which provides:
"Benefits for employment-related coronary conditions except those directly and solely caused by an injury or disease are not payable unless the employee establishes by competent medical authority that there is a direct causal connection between the condition under which the work was performed and the cardiac condition, and then only if the causative exertion occurs during the actual period of employment stress clearly unusual to, or abnormal for, employees in that particular employment, and further that the acute symptoms of the cardiac condition are clearly manifested not later than four (4) hours after the alleged causative exertion."
We held in Claim of McCarley, Wyo., 590 P.2d 1333 (1979), that § 27-12-603(b) has four requirements:
"(1). The claimant must establish a period of employment stress unusual or abnormal for employees in claimant's occupations;
"(2). Claimant must show that he or she engaged in some exertion during the period of unusual or abnormal employment stress;
"(3). Claimant must establish by competent medical evidence a direct causal connection between such exertion and the myocardial infarction; and
"(4). Claimant must show that the acute symptoms of the cardiac difficulty were clearly manifested within four hours after the alleged causation exertion."
In this appeal we are only concerned with the third McCarley requirement, that is, whether there was sufficient proof of medical causation.
Appellant cites Kostamo v. Marquette Iron Mining Company, 405 Mich. 105, 274 N.W.2d 411 (1979), for a ruling that lay testimony may be relied on to support causal connection. Appellant then refers us to the testimony of two fellow employees, and contends that their testimony establishes that appellant's heart attack occurred while disengaging the semi-trailer from the truck-tractor. That fact is not controverted. However, the testimony of his fellow employees does not help to determine whether the exertion or stress contributed in a material degree to the myocardial infarction.
Regarding medical causation we have said:
"[W]e think that under any reasonable view the burden of the trial court in determining the causal relationship between a heart injury of a workman and his employment is most difficult. Certainly he cannot be satisfied in discharging this upon less than the preponderance of believable evidence that the work effort contributed in a material degree to the precipitation, aggravation, or acceleration of the existing disease." Claim of Vondra, Wyo., 448 P.2d 313, 318 (1968).
In this case, cardiologist Dr. Kent N. Kreisman was questioned regarding causation. He responded:
"A. Let's make it  the best I can say is it could have been contributory. Certainly a myocardial infarction is not caused by a single condition, a single event. It requires narrowing of the coronary arteries. And this develops over many years. The final event which pushes a person to block the artery and therefore cause an infarction we do not understand. Some occur in the middle of the night at rest. Frequently they occur with exercise, such as shoveling snow or doing other things. How this relates to *1389 this particular man, I can't tell you; but it could have played a part. I cannot say with certainty that it did or did not."
Dr. Kreisman further testified:
"* * * All I can say is that it may have been related, it may not have been.
"He may have walked up ten minutes earlier and he could have had his heart attack. On the other hand, he may not have had his heart attack for another month or two months if he hadn't been doing that particular job right then."
Only a cursory recitation of the standards of review is necessary here. Findings of fact made by the trial court are presumed to be correct and will not be disturbed absent a finding that they are clearly erroneous or contrary to the great weight of the evidence. Rocky Mountain Turbines, Inc. v. The 660 Syndicate, Inc., Wyo., 623 P.2d 758 (1981). We are not free to substitute our determination of the facts when findings of fact by the trial court are supported by substantial evidence. Palmeno v. Cashen, Wyo., 627 P.2d 163 (1981).
The trial court found that appellant failed to establish by competent medical evidence a direct causal connection between employment exertion and the myocardial infarction. We agree. The policy of liberal construction of the worker's compensation statutes does not relieve a claimant of the burden of proving the essential elements of his claim by a preponderance of the evidence. Jim's Water Service v. Eayrs, Wyo., 590 P.2d 1346 (1979). This court has not construed the worker's compensation statutes to require a medical opinion based on reasonable medical certainty that the stress caused or precipitated a myocardial infarction. Jim's Water Service v. Eayrs, supra.
In Wyoming State Treasurer, ex rel. Wyoming Worker's Compensation Division v. Schwilke, Wyo., 649 P.2d 218, 220 (1982), we held that the requirement of a direct causal connection was satisfied by the physician testifying that "[T]he physical exertion which occurred just prior to death was `the most likely' circumstance which actually caused the event." We also held, "Testimony such as `most likely' and `contributed to' is of sufficient certainty under the standards established in [earlier cases] * * *." Id., at 222. Later, in Yost v. Wyoming State Treasurer, ex rel. Wyoming Worker's Compensation Division, Wyo., 654 P.2d 137, 139 (1982), we held that the direct causal connection was satisfied when the medical expert testified "This [exertion] caused arrhythmia and ventricular fibrillation and death * * *." The testifying physician in Jim's Water Service v. Eayrs, supra, said, "the stress was a `contributing factor' and that the arrhythmia `very likely' and `probably' was due to the physical exertion and strain."
From the rules in the cases just cited we can distill a simple rule: The causal connection requirement is satisfied if a medical expert testifies that it is more probable than not that work exertion or stress contributed in a material degree to the precipitation, aggravation, or acceleration of a myocardial infarction.
Here, the physician testified that he could not say that it was more probable than not that the exertion contributed in a material degree to the onset of the myocardial infarction. He said, "I cannot say with certainty that it did or did not." This testimony is insufficient to satisfy the causal connection requirement.
Appellant has not shown by competent medical evidence that job exertion or stress contributed in a material degree to the precipitation, aggravation or acceleration of his heart attack.
Affirmed.
NOTES
[1] A region of dead or dying tissue in the muscle of the heart which is the result of an obstruction to the blood circulation, usually by a clot lodged in a coronary artery. 2 Schmidt, Attorney's Dictionary of Medicine and Word Finder, p. M-176 (1984).