711 P.2d 1142 (1986)
In the Matter of the INJURY TO Kenneth A. KEMP, an employee of Winks, Inc.
STATE of Wyoming, ex rel. WYOMING WORKER'S COMPENSATION DIVISION, Appellant (Objector-Defendant),
v.
Kenneth A. KEMP, Appellee (Employee-Claimant).
No. 85-220.
Supreme Court of Wyoming.
January 8, 1986.
*1143 A.G. McClintock, Atty. Gen., Terry J. Harris, Asst. Atty. Gen., and Patrick J. Crank, Asst. Atty. Gen., for appellant (objector-defendant).
Kenneth G. Vines, of Vines, Rideout, Gusea & White, P.C., Cheyenne, for appellee (employee-claimant).
Before THOMAS, C.J., and BROWN, CARDINE, URBIGKIT and MACY, JJ.
MACY, Justice.
This is an appeal from an order allowing the claim of Kenneth A. Kemp, appellee, for benefits provided by the Wyoming Worker's Compensation Act for a nonfatal heart attack which occurred during the course of his employment.
The only question to be answered by this Court is whether there was sufficient competent medical testimony before the trial court to find a direct causal connection between appellee's exertion and his cardiac condition. We find that there was such evidence and affirm the order of the trial court.
On July 24, 1984, as appellee was driving his tractor-trailer in the course of his employment, the stabilizing bar on the unit malfunctioned. After spending anxious moments wrestling with the wheel, appellee was unable to keep the truck from going into the ditch. About 30 minutes after the accident occurred, appellee suffered a heart attack.
Appellant now contends that appellee failed to meet his burden of proof as to medical causation under § 27-12-603(b), W.S. 1977 (June 1983 Replacement). We have previously said that to meet this requirement the claimant must establish by competent medical evidence a direct causal connection between the exertion and the myocardial infarction. State ex rel. Worker's Compensation Division v. McCarley, Wyo., 590 P.2d 1333 (1979).
In Kaan v. State ex rel. Wyoming Worker's Compensation Division, Wyo., 689 P.2d 1387, 1389 (1984), we held that the causal connection requirement is met if a medical expert testifies
"* * * that it is more probable than not that work exertion or stress contributed in a material degree to the precipitation, aggravation, or acceleration of a myocardial infarction."
In this regard, the following is an excerpt from the deposition of Dr. Robert James Davis II, the cardiologist who was appellee's only medical witness:
"Q. Based on your knowledge as a cardiologist and on your knowledge of these records that you have reviewed, do you have an opinion, based on reasonable medical certainty, as to whether the stress involved in this truck accident could be a probable cause of the immediate probable cause of Mr. Kemp's myocardial infarction?

*1144 "A. I have an opinion. And my opinion is that probable is a heavier word than I would use. And I would have to say that he suffered a heart attack in and around the events of having been involved in a truck accident, and there is a possible causal relationship, due to the background of the known arteriosclerosis, and that I think to deny that relationship would be foolish.
"But I think for me to say probable cause would also be saying more than I can absolutely say.
"Q. * * *
"Do you, in your opinion, see it as a likely cause? Is that a better word?
* * * * * *
"THE WITNESS: I don't think that I can say that's the likely cause, because I just don't know the physiologic way that happens. I think there is an undeniable relationship.
"I think there is a  there is something that happened in this man's day that does not happen every day in the course of his job, and that in and around that unusual event he had a heart attack.
"And we know that stressful situations sometimes seem related to heart attacks. And to say that there is absolutely no relationship between those two things would be incredulous."
The direct causal connection requirement is not whether or not the truck accident was the probable cause of appellee's myocardial infarction, but whether, as stated in Kaan,
"* * * it is more probable than not that work exertion or stress contributed in a material degree to the precipitation, aggravation, or acceleration of a myocardial infarction." Kaan v. State ex rel. Wyoming Worker's Compensation Division, 689 P.2d at 1389.
The cardiologist was not asked the question in such a manner that he could recite the magic words in a concise affirmative opinion statement. His statements, however, when considered together, satisfy the holding in the Kaan case:
"* * * I think there is an undeniable relationship.
"I think there is a  there is something that happened in this man's day that does not happen every day in the course of his job, and that in and around that unusual event he had a heart attack.
"And we know that stressful situations sometimes seem related to heart attacks. And to say that there is absolutely no relationship between those two things would be incredulous."
We, therefore, affirm the order of the trial court.