**In the Matter of the Injury to Larry L. TAYLOR, An Employee of Big Horn Coal Company.**

**BIG HORN COAL COMPANY, Appellant (Employer),**

**The State of Wyoming, ex rel. Wyoming Worker's Compensation Division, Appellant (Objector/Defendant),**

v.

**Larry L. TAYLOR, Appellee (Employee/Claimant).**

No. 85–284.

Supreme Court of Wyoming.

April 29, 1986.

Rex O. Arney, Sheridan, for appellant Big Horn Coal Company.

A.G. McClintock, Atty. Gen., John W. Renneisen, Senior Asst. Atty. Gen., Terry J. Harris and Patrick J. Crank, Asst. Attys. Gen., for appellant State of Wyoming.

Hardy H. Tate, Sheridan, for appellee.

Before THOMAS, C.J., and BROWN, CARDINE, URBIGKIT and MACY, JJ.

MACY, Justice.

This is an appeal from an order of the district court awarding benefits to Larry L. Taylor, appellee, under the Wyoming Worker's Compensation Act. We must decide whether there was sufficient competent medical testimony before the district court to find a direct causal connection between appellee's work activities and his cardiac condition.

We reverse.

Appellee was employed by Big Horn Coal Company as an earth-moving equipment operator. On May 17, 1985, as he was

driving down a hill in the course of his employment, he narrowly avoided an accident with another truck. Moments later, he experienced pain in his chest, left arm, and jaw. Six days later he met with a doctor who concluded, approximately one month thereafter, that appellee had suffered a heart attack on or about May 17, 1985.

Appellee filed an employee's report of injury with the clerk of district court, generally claiming that he had suffered a heart attack during the course of his employment. Appellants denied that appellee's condition was work related.

At trial, the following medical testimony was given by appellee's doctor:

"Q Doctor, * * * could you state within a reasonable medical certainty that that incident caused or precipitated that myocardial infarction?

　　*　　*　　*　　*　　*　　*

"THE WITNESS: As Mr. Taylor describes the incident, I think it's possible."

On cross-examination, the doctor gave the following testimony:

"Q Do I recall your opinion testimony that it was possible that the near miss, that stressful situation with the truck nearly hitting another truck, it was possible in your—to phrase your opinion—that it might have contributed to the myocardial infarction? Isn't that what you said—it was possible?

"A Yes.

"Q It's also possible that it did not contribute or cause the heart attack, right?

"A Anything is possible.

　　*　　*　　*　　*　　*　　*

"Q But you are saying that it's possible that the stressful situation surrounding the near miss at the intersection while at work possibly contributed or caused his heart attack, right?

"A Yes. As Mr. Taylor relates it.

"Q Was it your further opinion that that same stressful situation could have aggravated or precipitated myocardial infarction?

"A Yes.

"Q But, it may not have, too; isn't that right?

"A Yes, sir."

At the close of the trial, the trial court found that appellee had met his burden of proving that his heart condition was work related. In an order filed November 7, 1985, the trial court awarded appellee benefits under the Wyoming Worker's Compensation Act.

■ Appellants now contend that the trial court erred in finding that appellee met his burden of proof as to medical causation under § 27-12-603(b), W.S.1977 (June 1983 Replacement). That section provides as follows:

"(b) Benefits for employment-related coronary conditions except those directly and solely caused by an injury or disease are not payable unless the employee establishes by competent medical authority that there is a direct causal connection between the condition under which the work was performed and the cardiac condition, and then only if the causative exertion occurs during the actual period of employment stress clearly unusual to, or abnormal for, employees in that particular employment, and further that the acute symptoms of the cardiac condition are clearly manifested not later than four (4) hours after the alleged causative exertion."

To fulfill the statutory requirement, the claimant must demonstrate by competent medical evidence a direct causal connection between the work activity and the heart condition. *State ex rel. Wyoming Worker's Compensation Division v. Kemp*, Wyo., 711 P.2d 1142 (1986); *State ex rel. Worker's Compensation Division v. McCarley*, Wyo., 590 P.2d 1333 (1979). The causal connection requirement is met if a medical expert testifies

" ' * * * that it is more probable than not that work exertion or stress contributed in a material degree to the precipitation, aggravation, or acceleration of a myocardial infarction.' " *State ex rel. Wyoming Worker's Compensation Division*

*v. Kemp,* 711 P.2d at 1143, quoting from *Kaan v. State ex rel. Wyoming Worker's Compensation Division,* Wyo., 689 P.2d 1387, 1389 (1984).

 In the present case, although the doctor testified that it was "possible" that appellee's work activity caused his heart attack, he also testified that it was equally "possible" that there was no connection between the two. That testimony is clearly inadequate to fulfill the standard articulated above. This is not a case such as *State ex rel. Wyoming Worker's Compensation Division v. Kemp,* in which the physician's statements, when considered together, could be said to satisfy the causal connection requirement. Instead, when considered together, the doctor's statements in this case entirely foreclose the conclusion that appellee's work activity more probably than not materially contributed to his heart attack.

For these reasons, we hold that appellee did not meet his burden of proof as to medical causation and, therefore, was not entitled to worker's compensation benefits.

Reversed.