931 P.2d 255 (1997)
STATE of Wyoming, ex rel., WYOMING WORKERS' COMPENSATION DIVISION, Appellant (Petitioner-Objector),
v.
Sherman HARRIS, Appellee (Respondent-Employee).
SINCLAIR TRUCKING, Appellant (Petitioner-Employer),
v.
Sherman HARRIS, Appellee (Respondent-Employee).
Nos. 96-106, 96-107.
Supreme Court of Wyoming.
February 6, 1997.
*256 William U. Hill, Attorney General; John W. Renneisen, Deputy Attorney General; Gerald W. Laska, Senior Assistant Attorney General; and Jennifer A. Evans, Assistant Attorney General, for Wyoming Workers' Compensation Division.
Catherine MacPherson, of MacPherson Law Offices, LLC, Rawlins, WY, for Sinclair Trucking.
Susan Maher Guthrie, Casper, Wyoming, for Appellee.
Before TAYLOR, C.J., THOMAS and MACY, JJ., and KALOKATHIS and PRICE, District Judges.
THOMAS, Justice.
The debate in this case is over the sufficiency of the evidence to support an award of benefits for a fatal heart attack sustained by Sherman Harris (Harris).[1] Upon our reversal of an order of the district court remanding the case to the hearing examiner for the taking of additional evidence, Matter of Harris, 900 P.2d 1163 (Wyo.1995), the case was remanded for review of the original decision of the hearing examiner. The hearing examiner's decision had awarded benefits to Harris, and upon our remand, the decision was affirmed by the district court. This appeal challenges the sufficiency of the evidence in light of the standards articulated in WYO. STAT. § 27-14-603(b) (1991), as construed by our decisions. We hold that the evidence is sufficient to satisfy the statutory standards as interpreted in our prior decisions. The ruling of the district court articulated in its Decision Letter, in which it affirmed the Order Awarding Benefits, is affirmed.
The single issue pressed by the Wyoming Workers' Compensation Division (Division) in its Brief of Appellant is:
Whether the Office of Administrative Hearings, award of workers' compensation benefits for the heart attack of a truck driver caused by changing a flat tire is arbitrary, capricious or otherwise not in accordance with law.
In the Brief of Appellant, Sinclair Trucking, a series of issues are set forth:
A. Pursuant to W.S. § 16-3-114(c)(ii)(A), the decision of the Administrative Law Judge was unlawful and should be set aside because the decision was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law as set forth in W.S. § 27-14-603(b).
1. Under W.S. § 27-14-603(b)(ii), changing a tire as a matter of law is not a causative exertion clearly unusual to or abnormal for employees in the particular employment of an oilfield truck driver.
2. The Administrative Law Judge's determination that changing a tire on a loaded trailer, alone, in muddy conditions transformed an usual and normal exertion into an unusual and abnormal exertion amounted to a finding, in violation *257 of W.S. § 27-14-603(b)(ii), that the exertion was unusual and abnormal for the individual employee, rather than for employees in the particular employment of an oilfield truck driver.
B. Pursuant to W.S. § 16-3-114(c)(ii)(E), the decision of the Administrative Law Judge is unsupported by substantial evidence of the character and type specifically required by W.S. § 27-14-603(b).
In the Brief of Appellee, Harris identifies only one issue:
1. Whether the Administrative Law Judge's decision rendered December 28, 1992 was correct as a matter of law and supported by substantial evidence?
In reviewing the decision of the hearing examiner, the district judge authored a complete and well considered decision letter. In addition to the factual background offered in Matter of Harris, we draw upon the factual summary articulated by the district judge. At the time of his death, Harris had worked for Sinclair Trucking for approximately seven years. During the last two or three years of that employment, Harris worked as a truck driver hauling loads of crude oil from the oil fields. In that employment, Harris was subject to Department of Transportation regulations that limited driving hours in a given time frame as demonstrated by a log of driving activities and required a periodic physical examination. At those examinations, the physician pronounced Mr. Harris to be generally in good health.
On August 21, 1991, Harris hauled two loads of crude oil. On the second trip, after picking up his load, a tire went flat on the inner dual wheel of the "pup" trailer, a smaller tanker pulled behind the main tanker. Harris' log book for that trip disclosed that he spent an hour and fifteen minutes changing the tire. He was required to remove an outer wheel and then change the inner tire. Considerable work is required to change a tire, which is exacerbated if the work must be done in the mud. When Harris returned home that evening, he was covered with mud and grease, and he told his wife that it "like to have killed me having to change that tire." Harris indicated that he had hurt his back and arms and was suffering from nausea, fatigue and indigestion. He asked Mrs. Harris to arrange a doctor's appointment for him.
Although his symptoms continued the following day, Harris hauled three loads of oil, completing his work at approximately 8:25 p.m. on August 22, 1991. He had coffee with a friend after work, but left early because he did not feel well, and felt like he was coming down with the flu. On the second day after changing the tire, August 23, 1991, Harris did not feel well and was late arriving at work. He hauled two loads of crude oil on that day, and he began to feel poorly as he was unloading the second load. A co-worker assisted him in unloading his truck, and the co-worker then fueled and weighed Harris' truck. When the coworker returned, he found Harris slumped over, and efforts to revive him were unsuccessful. He was pronounced dead at the hospital.
A claim for Worker's Compensation death benefits was filed on behalf of his wife. Both the Division and Sinclair Trucking filed timely objections, contending that Harris' death was not attributable to his employment. A contested case hearing was held July 14, 1992, and the hearing examiner awarded the statutory benefits. The Division and Sinclair Trucking sought judicial review of that administrative award, and the review lead to the return of the case by the district court to the hearing examiner to take additional evidence. After taking the additional evidence, the hearing examiner reversed the decision and denied benefits. Harris then appealed to the district court and to this court. We reversed the order of the district court that had remanded the case for taking additional evidence, and instructed the court to review the original administrative decision awarding benefits under the usual standards. Matter Of Harris. The district court, after accomplishing that review, affirmed the hearing examiner's decision awarding benefits, and the Division and Sinclair Trucking then appealed to this court.
Review of the action of an administrative agency is accomplished in accordance *258 with WYO. STAT. § 16-3-114(c) (1990), which provides:
The reviewing court shall:
* * * * * *
(ii) Hold unlawful and set aside agency action, findings and conclusions found to be:
(A) Arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law;
(B) Contrary to constitutional right, power, privilege or immunity;
(C) In excess of statutory jurisdiction, authority or limitations or lacking statutory right;
(D) Without observance of procedure required by law; or
(E) Unsupported by substantial evidence in a case reviewed on the record of an agency hearing provided by statute.
Review is limited to a determination of the issues specified in the statute, which is specifically adopted by reference in WYO. R. APP. P. 12.09(a). In addition, the review is confined to the record and to the issues set forth in the petition for review and raised before the agency.
In accomplishing this review, we accord no special deference to the decision of the district court, but review the case as if it came to us directly from the agency. Wyoming Steel & Fab, Inc. v. Robles, 882 P.2d 873, 875 (Wyo.1994). We do give to the findings of fact by the administrative agency the same deference normally accorded to findings of fact by a trial court, and the agency's factual determinations will not be set aside unless clearly contrary to the overwhelming weight of the evidence in the record. We examine the entire record to determine if substantial evidence is present to support the findings of fact by the hearing examiner. Romero v. Davy McKee Corp., 854 P.2d 59, 61 (Wyo.1993). "Substantial evidence is relevant evidence which a reasonable mind might accept in support of the conclusions of an agency." Stuckey v. State, ex rel. Wyoming Worker's Compensation Division, 890 P.2d 1097, 1099 (Wyo.1995). There must be more than a mere scintilla of evidence or simply a suspicion for a fact to be established. Mountain Fuel Supply Co. v. Public Service Com'n of Wyoming, 662 P.2d 878, 882 (Wyo.1983). The presence in the record of contradictory evidence or other material controverting a fact does not establish that a finding of that fact is not supported by substantial evidence.
There is no question that Harris died as a result of a heart attack. All parties point to the controlling statute in this matter, WYO. STAT. § 27-14-603(b) (1991) which provides:
(B) Benefits for employment-related coronary conditions except those directly and solely caused by an injury, are not payable unless the employee establishes by competent medical authority that:
(i) There is direct causal connection between the condition under which the work was performed and the cardiac condition; and
(ii) The causative exertion occurs during the actual period of employment stress clearly unusual to or abnormal for employees in that particular employment, irrespective of whether the employment stress is unusual to or abnormal for the individual employee; and
(iii) The acute symptoms of the cardiac condition are clearly manifested not later than four (4) hours after the alleged causative exertion.
In Matter of Desotell, 767 P.2d 998, 1002 (Wyo.1989), we interpreted this statute[2]:
Given the way the statute is phrased, the claimant must first prove that the injured employee experienced an "actual period of employment stress clearly unusual to, or abnormal for, employees in that particular employment * * *." Next, and only after proof of the first requirement, the claimant must establish legal causation, by proving a "causative exertion" during the proven period of actual unusual or abnormal stress. Then, the claimant must establish *259 medical causation, by introducing competent medical testimony evidencing a direct causal connection between the causative exertion and the coronary condition. Last, the claimant must introduce evidence showing that the acute symptoms of that coronary condition were manifested within four hours of the causative exertion. State, ex rel. Wyoming Worker's Compensation Division v. Van Buskirk, 721 P.2d 570, 572 (Wyo.1986) first analyzed as a four-part test in Claim of McCarley, 590 P.2d 1333, 1335-336 (Wyo.1979).
The hearing examiner found that each of the statutory elements as identified in Matter of Desotell were established by Harris. The Division and Sinclair Trucking contend that the Order Awarding Benefits and Decision Letter of the hearing examiner are not supported by substantial evidence, are arbitrary and capricious, or constitute an abuse of discretion or are otherwise not in accordance with law. They assert that the case should be reversed in accordance with WYO. STAT. § 16-3-114(c). If the award is supported by substantial evidence and is not contrary to law, however, it is to be affirmed. Robles.
The Division and Sinclair Trucking contest only whether the first element was established. That element requires that the record demonstrate the causative exertion occurred during employment stress that is "clearly unusual to or abnormal for employees in that particular employment." This is an objective test and invokes the usual employment activities; it does not focus on the activities or characteristics of an individual employee. Sinclair Trucking and the Division contend first, that the evidence did not demonstrate muddy conditions on August 21, 1991; and second, the normal usual employment duty of changing a flat tire does not become an unusual or abnormal duty if it must be performed in the mud. The record discloses that there was conflicting evidence on these two matters.
Mrs. Harris testified that when her husband came home late one night, covered with mud and grease, he said that changing that tire "like to have killed me." Her testimony manifested confusion as to which day this occurred, but she always maintained that the events were associated with one another. The Division and Sinclair Trucking rely upon this confusion, and claim there is insufficient evidence to establish that Harris changed the tire in the mud. There is nothing in the record by direct evidence, however, that would refute the testimony of Mrs. Harris. The determination of the facts in the case is the responsibility of the hearing examiner, and we hold, in this instance, that more than a mere scintilla of evidence supported the finding of the hearing examiner that Harris changed a tire in the mud.
The Division and Sinclair Trucking argue, however, that changing a tire in any sort of weather conditions is a normal, usual job duty of truck drivers hauling crude oil. They offered evidence to demonstrate that the task of changing a tire is a usual and normal part of an oil patch truck driver's job. Further, they produced evidence that the roads oil patch drivers travel can be muddy. The terminal manager at Sinclair Trucking and a working manager at another company testified that changing a tire requires the same exertion whether it is in the mud or on dry, flat ground.
Harris presented evidence that changing a tire in mud and under the conditions that he confronted on August 21, 1991, is an unusual and abnormal activity for drivers in the crude oil patch. A Sinclair Trucking employee, who like Harris, worked at hauling crude oil, testified the roads over which they travel in Wyoming get very muddy, slick and sticky in rain. He testified it would be unusual in the profession for a driver to have to change a tire in the mud. A former driver who had worked in the crude oil patch, testified that changing a tire in the mud was to be avoided and that it was "very abnormal and unusual for a driver to have to change it by himself."
The evidence was in conflict, but we agree with the decision of the district court that the hearing examiner, as the finder of fact, was in the best position to determine the facts. As the district court pointed out, we have held that "the possibility of drawing two inconsistent conclusions from a body of evidence does not prevent a finding that the conclusion drawn by the administrative agency was supported by substantial evidence." *260 Southwest Wyoming Rehabilitation Center v. Employment Sec. Com'n of Wyoming, 781 P.2d 918, 921 (Wyo.1989). The hearing examiner correctly applied the objective test articulated in Matter of Desotell, and there is substantial evidence to justify the finding that the circumstances under which Harris changed the tire on August 21, 1991, were unusual and abnormal.
The parties do not offer significant argument with respect to the other requirements of the statute, namely causation, both proximate and medical, and the four hour window for manifestation. The record discloses that the administrative judge properly concluded that causation was present. A competent medical expert testified on behalf of Harris, and agreed that it was more probable than not that changing the tire contributed in a material degree to the precipitation, aggravation, or acceleration of the heart attack which resulted in Harris' death. A witness produced by the Division and Sinclair Trucking did not agree, but we cannot say that the agency acted arbitrarily or capriciously in concluding as it did. See Claim of Taffner, 821 P.2d 103, 105 (Wyo.1991); Matter of Injury to Taylor, 718 P.2d 63, 65 (Wyo.1986) (both cases discussing the standard for establishing causation between a work activity and a heart condition). There is also sufficient evidence in the record to demonstrate that Harris experienced the onslaught of his symptoms within four hours after changing the truck tire.
Harris satisfied the burden of proof under the statute and established the case at the contested case hearing. The findings of fact by the hearing examiner are based on substantial evidence, and the law properly was applied to those facts. The decision of the district court, affirming the decision of the hearing examiner, is affirmed.
NOTES
[1] The parties faithfully have reflected Sherman Harris as the party in this appeal, although it is clear from our previous opinion that the claim for benefits was prosecuted by his widow, Bonnie Harris. Matter of Harris, 900 P.2d 1163 (Wyo.1995). Our reference to Harris includes the true party to the proceedings, Bonnie Harris.
[2] In Matter of Desotell, 767 P.2d 998 (Wyo.1989), the statute was identified as WYO. STAT. § 27-12-604(b) (1977) (June 1983 Repl.). The same statute is now found at WYO. STAT. § 27-14-603(b) (1991), and the Desotell reasoning clearly is applicable.