21 P.3d 1185 (2001)
2001 WY 42
STATE of Wyoming ex rel. WYOMING WORKERS' SAFETY AND COMPENSATION DIVISION, Appellant, (Petitioner),
v.
Violet K. HENRIKSEN, Appellee, (Respondent).
No. 00-242.
Supreme Court of Wyoming.
April 24, 2001.
Representing Appellant: Gay Woodhouse, Attorney General; John W. Renneisen, Deputy Attorney General; Gerald L. Laska, Senior Assistant Attorney General; and David L. Delicath, Assistant Attorney General.
Representing Appellee: R. Douglas Dumbrill of Lubnau & Bailey LLC, Gillette, WY.
Before LEHMAN, C.J.; GOLDEN, HILL, and KITE, JJ.; and DAN SPANGLER, D.J. (Ret.)
*1186 DAN SPANGLER, District Judge (Retired).
This is an appeal by the State of Wyoming ex rel. Wyoming Workers' Safety and Compensation Division (the division) from a trial court order which reversed the Findings of Fact, Conclusions of Law and Order Denying Claim issued by a hearing examiner. The trial court found that the hearing examiner's decision was unsupported by substantial evidence and Violet K. Henriksen (the employee) was entitled to a modification of her award and to a grant of temporary total disability. We affirm the trial court's order.

ISSUES
The employee states this issue:
Did the Hearing Examiner correctly find that Henriksen failed to prove an increase in her incapacity due solely to her work injury?
The division identifies these issues:
1.) Was the District Court's decision to reverse the Hearing Officer incorrect as a matter of law?
2.) Was the Appellee entitled to a modification of award due to an increase in incapacity under W.S. § 27-14-605(a)?

FACTS
The employee was operating a roller over rough ground in July of 1997 when she experienced neck and back pain. She was placed on temporary total disability from July 23, 1997, through July 15, 1998. On July 11, 1998, Dr. Terry A. Brown examined the employee and diagnosed marked myofascial disease in the bilateral trapezii and upper back with marked anxiety/psychological overlay. He rated her permanent impairment at five percent, and she accepted a five percent permanent partial disability award.
Shortly thereafter, the employee moved from Wyoming to Minnesota. She consulted Dr. John C. Vidoloff, who diagnosed her with thoracic outlet syndrome, myofascial pain syndrome, and left L4-5 radiculopathy. In his opinion, she had this condition when Dr. Brown examined her in July of 1998. He advised her not to work and certified her for temporary total disability from October 21, 1998, through February 8, 1999. It is that temporary total disability claim which is in issue here.
Dr. Vidoloff subsequently agreed with Dr. Bradley Vilims that the employee was suffering from cervical facet syndrome. Dr. Vilims successfully treated the employee with injections and therapy, and the employee experienced a substantial improvement in her condition.

STANDARD OF REVIEW
The standard for appellate review of agency decisions is contained in Wyo. Stat. Ann. § 16-3-114(c) (LEXIS 1999). The reviewing court shall:
(ii) Hold unlawful and set aside agency action, findings and conclusions found to be:
(A) Arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law;
. . .
(E) Unsupported by substantial evidence in a case reviewed on the record of an agency hearing provided by statute.
Section 16-3-114(c)(ii). This court accords no special deference to the findings of the trial court. We review the case as if it came directly from the hearing examiner. State ex rel. Wyoming Workers' Compensation Division v. Brewbaker, 972 P.2d 962, 964 (Wyo. 1999). Substantial evidence is relevant evidence that a reasonable mind might accept in support of the agency's conclusions. Id. This court will set aside an agency's findings of fact only if they are clearly contrary to the overwhelming weight of the evidence. Id.

DISCUSSION
The employee filed this claim for temporary total disability pursuant to Wyo. Stat. Ann. § 27-14-605(a) (LEXIS 1999), which provides in pertinent part:
(a) If a determination is made in favor of or on behalf of an employee for any benefits under this act, an application may be made to the division by any party within *1187 four (4) years from the date of the last payment for additional benefits or for a modification of the amount of benefits on the ground of increase or decrease of incapacity due solely to the injury, or upon grounds of mistake or fraud.
The employee's theory is that she experienced an increase of incapacity due solely to the injury when Dr. Vidoloff ordered her not to work. The hearing examiner concluded that there was no increased incapacity, particularly because her physical condition had not deteriorated since the time she was rated for permanent partial disability.
In the case of Parnell v. State ex rel. Wyoming Worker's Compensation Division, 735 P.2d 1367, 1368 (Wyo.1987), this court held that a certification of temporary total disability can support a finding of increased incapacity, regardless of whether the permanent partial disability percentage has increased. Similarly, in the case of Hernandez v. Laramie County School District No. 1, 8 P.3d 318, 323 (Wyo.2000), this court found that the division erred as a matter of law in requiring an employee to prove an increase in permanent incapacity in order to establish a claim for temporary total disability under § 27-14-605(a).
The division contends that a physician's certification of temporary total disability does not automatically establish an increase in incapacity. We agree that the physician's certification must be considered in the light of all the evidence. However, in this case, there is nothing to indicate that Dr. Vidoloff was mistaken in ordering the employee not to work. Her condition improved after the period of rest and the treatment by Dr. Vilims. Therefore, under the circumstances of this case, the hearing examiner's decision was unsupported by substantial evidence and was not in accordance with our legal conclusion that increased incapacity can result when an employee follows the order of her medical provider not to work for a reasonable time in order to promote recovery from an injury.
A decision to the contrary could place employees in a dilemma. They can lose all rights to compensation if they refuse to submit to medical or surgical treatment reasonably essential to promote their recovery. Wyo. Stat. Ann. § 27-14-407 (LEXIS 1999). In this regard, it is important for employees to follow the directives of their physicians that they not work while recovering from an injury. But the employees will be discouraged from following that course if the physicians' certification of temporary total disability cannot be used to support a modification of the award on grounds of increased incapacity when rest is prescribed as part of the treatment. Thus, the policy established by this ruling may promote an improvement in the health of injured employees by use of conservative treatment less expensive than surgery.
We affirm the trial court's decision granting modification of the award due to increased incapacity.